**WAIMEA BAY ASSOCIATES ONE, LLC, Plaintiff–Appellant,**

v.

**THIELEN, et al., Defendants– Appellees.**

**No. 06–16977.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 2007.

Filed Jan. 14, 2008.

Walter R. Schoettle, Esq., Honolulu, HI, for Plaintiff–Appellant.

Office of the Hawaii Attorney General, Honolulu, HI, for Plaintiff–Appellant.

Randall K. Ishikawa, Esq., for Defendants–Appellees.

Before: O'SCANNLAIN, TASHIMA, and M. SMITH, Circuit Judges.

## MEMORANDUM *

The facts and procedural history of this case are known to the parties, and we do not repeat them here.

Appellant Waimea Bay Associate One, LLC ("Waimea Bay"), argues that the topographical delineation utilized by Hawaii Administrative Rules § 13–5–23(c)(L–6) violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by irrationally discriminating between landowners whose land is located in flood plains or coastal high-hazard areas within the Hawaii Conservation District's Limited Subzone and landowners whose land is located elsewhere within the Subzone.

A classification that neither infringes fundamental constitutional rights nor proceeds along suspect lines must be upheld if it is rationally related to a legitimate governmental purpose. *Schweiker v. Wilson,* 450 U.S. 221, 230, 101 S.Ct. 1074, 67 L.Ed.2d 186 (1981). This standard allows states "wide latitude" in formulating policy, *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985), and reflects the "presum[ption] that, absent some reason to infer antipathy, even improvident decisions will eventually be rectified by the democratic process and that judicial intervention is generally unwarranted no matter how unwisely" a political branch may have acted, *Vance v. Bradley,* 440 U.S. 93, 97, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979). Thus, the party that challenges a classifying rule on the ground that it is irrational must overcome a "strong presumption" that the rule is valid, *FCC v. Beach Commc'ns, Inc.,* 508 U.S. 307, 314, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993), and must "negative

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

every conceivable basis" upon which the rule might have been promulgated, regardless of whether those bases actually motivated the authoring authority, *id.* at 315, 113 S.Ct. 2096. Rational-basis review is particularly deferential where the contested rule reflects a process of regulatory "line-drawing" because the "class of persons subject to a regulatory requirement . . . inevitably requires that some persons who have an almost equally strong claim to favored treatment be placed on different sides of the line." *Id.* at 315–16, 113 S.Ct. 2096 (internal citations and quotation marks omitted). So long as the rationality of the relationship between the contested classification and the justifying state interest is "at least fairly debatable," the classification must be upheld. *Nelson v. City of Selma,* 881 F.2d 836, 839 (9th Cir.1989) (citations omitted).

In light of the deferential character of rational-basis review, we reject Waimea Bay's constitutional challenge. The Hawaii Board of Land and Natural Resources ("BLNR") articulates three plausible justifications for the topographical delineation utilized by section 13–5–23(c)(L–6). In addition, while Waimea Bay describes a variety of scenarios in which the restriction imposed by the Rule would lack a rational relationship to the State's legitimate interests, those scenarios are not supported by evidence in the record. Waimea Bay has therefore failed to meet its burden of production under Rule 56. *See Beach Commc'ns, Inc.,* 508 U.S. at 315, 113 S.Ct. 2096 ("[T]hose attacking the rationality of the . . . classification have the burden 'to negative every conceivable basis which might support it.' ") (quoting *Lehnhausen v. Lake Shore Auto Parts Co.,* 410 U.S. 356, 364, 93 S.Ct. 1001, 35 L.Ed.2d 351 (1973)); *Houghton v. South,* 965 F.2d 1532, 1536 (9th Cir.1992) (explaining that the party with the burden of persuasion at trial may satisfy its initial burden of pro-

duction under Rule 56 only by showing that it would be "entitle[d] . . . to a directed verdict if the evidence went uncontroverted at trial").

First, BLNR plausibly suggests that the Rule is rationally related to the State's legitimate interest in coordinating with counties on the regulation of land use. According to BLNR, the Rule is the product of an attempt both to fulfill the environmental purpose of the Conservation District by generally prohibiting single-family residences within the Limited Subzone and to accommodate county regulations that have historically allowed for the construction of such residences in flood plains and coastal high-hazard areas. By permitting residences exclusively in the enumerated areas of the Subzone, BLNR promotes resource preservation where possible, creates consistency with county regulations, and avoids significant disruption to established use.

Second, BLNR plausibly suggests that section 13–5–23(c)(L–6) is the result of a State effort to craft land-use regulations in a way that reflects the extent to which county building codes can counteract the risks created by natural hazards. On this view, residences are restricted in some areas of the Subzone, such as those vulnerable to volcanic activity, because county building codes are incapable of mitigating the dangers present in those areas. By contrast, there is less reason to prohibit residential use in flood plains and coastal high-hazard areas because county codes can sufficiently offset the natural dangers posed to residences in those settings.

Finally, the Rule is rationally related to the State's legitimate interest in preserving natural resources. BLNR suggests that section 13–5–23(c)(L–6) bears a rational relationship to this interest because the Rule limits residences to environments

within the Limited Subzone that are least likely to suffer significant damage as a result of residential use.

Because the district court correctly held that the restriction imposed by section 13–5–23(c)(L–6) is constitutional, we need not address whether Waimea Bay requested appropriate forms of relief.

AFFIRMED.